Williams, J.
It is contended, in behalf of the plaintiff, that the defendant is not entitled to carry on its business of insurance in this state, and that it is therefore exercising its franchises here in contravention of law, because; 1. Ohio corporations organized under section 3630 of the Revised Statutes, are not permitted to do business in the state of Michigan, on substantially the same basis and limitations, as they are in Ohio; 2. The law under which the defendant is organized, authorizes it to engage in the business of insuring lives on the plan of assessments upon surviving members, without other restriction than that policy holders shall have an insurable interest in the lives of the members, which, companies organized for the mutual protection of its members within this state, are not permitted to do; and, 3. The defendant has failed to comply with the laws of this state, which require, that such corporations shall obtain annually, from the superintendent of insurance, a certificate of authority, and licenses to their agents, to do business in this state.
1. The business of life insurance, and the terms and conditions upon which foreign companies may be admitted to carry on that business, is regulated in this state by statute; and the right of the defendant to transact its business of in-insurance within the state, if possessed by it, must be derived, it is conceded, from section 3630c, Revised Statutes, which is as follows: “ Any corporation, company or association organized under the law of any other state to insure lives of members on the- assessment plan, and authorized to transact the business contemplated in section thirty-six hundred and thirty, shall be permitted to do such business, to wit: The business contemplated in section thirty-six hundred and thirty, in this state, by first complying with the laws of the state of Ohio, regulating corporations, companies or associations organized for the mutual protection of it members within this state, upon obtaining from the superintendent of insurance *171 of this state a certificate of such compliance, which certificate shall not be granted until such foreign corporation, company or association shall have appointed an agent or attorney within this state upon whom service of process may be had. Provided, that the superintendent of insurance shall not be required to issue certificates to do business in Ohio to an agent of any such corporation, company or association organized in any state in which such Ohio corporations, companies or associations are not permitted to do business on substantially the same basis and limitations as they are in Ohio.”
In view of the proviso contained in this section, it becomes important to determine, upon what basis and limitations, Ohio corporations are permitted to do business in Ohio. These are ascertained by reference to sections 8630, and 3630c of the Revised Statutes. The former section is as follows:
“ Sec. 3630. A company or association may be organized to transact the business of life or accident insurance on the assessment plan, for the purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to the families or heirs of deceased members of such company or association, and may receive money either by voluntary donation or contribution, or collect the same by assessment on its members, and may accumulate, invest, distribute and appropriate the same in such manner as it may deem- proper; that all accumulations and accretions thereon shall be held and used as the property of the members and in the interest of the members, and shall not be loaned to, used, appropriated, or invested for the benefit of any officer or manager of such company or association; and, provided, that no company or association shall issue a certificate for a greater amount than such company or association shall be able to pay from the proceeds of one assessment; and such company or association shall not be subject to the preceding sections of this chapter.”
It is provided in section 8630e that, “No such corporation, company, or association issuing endowments, certificates or policies, or undertaking, or promising to pay to members during life any sum of money, or thing of value, or certifi *172 cate, or policy guaranteeing any fixed amount to be paid at death, except such fixed amounts or endowments shall be conditional upon the same being realized from the assessments made on members to meet them, shall be permitted to do business in this state, until the}1- shall comply with the laws regulating regular mutual life insurance companies.”
Whatever powers such companies possess, are derived exclusively from the laws of this state, and the limitations and restrictions imposed upon them by those laws, both with respect to the classes of business they may transact, and the mode of doing it, operate upon them as well when doing business outside of the state, as within it. Their corporate capacity, in these respects, cannot be enlarged by the laws of any' other state in which they may be permitted to do business. By the plain provisions of these statutes, no company organized under section 3630, unless it complies with the laws regulating regular mutual life insurance companies, can issue any policy guaranteeing any fixed amount to' be paid at death, “ except such amount shall he conditional upon the same being realized from the assessments made on members to meet them.” In other words, the obligation of the policy, and the only one the company can thus contract, is to pay upon the death of the member, such sum, and only such, as may be realized from the assessments made on members to meet it. The policy does not create an. unconditional obligation to pay the. amount specified in it, nor has the company corporate power to issue such policy, or contract such obligation, in this state, or elsewhere. Then, those companies so organized, which do comply with the laws regulating mutual life insurance companies, are authorized to issue endowment policies, undertaking to pay members “ during life any sum of money or thing of value,” and policies guaranteeing a fixed amount to be paid at death. These are the basis and limitations upon which such companies are authorized to do business in Ohio, and the question to be determined here, is, whether they are permitted by the laws of Michigan, to do business there, upon substantially the same basis and limitations. It is not enough, that thej' *173 be permitted there, to exercise some of their franchises, or transact a part only of the business they are authorized to do in Ohio, but they must there be permitted to do substantially the same business, upon substantially the same terms and conditions, as they are in Ohio. If by the laws of Michigan, any substantial limitation or restriction is placed upon such Ohio companies in regard to the character or extent of the business they may transact there, to which they are not subject in Ohio, it cannot be said that they are permitted to do business there, upon substantially the same basis and limitations as they are in Ohio.
By section 15, of the Michigan statute, under which it is 'admitted, by the answer, the defendant was reorganized, it is provided, that “ every policy or certificate, issued by any corporation in that state and doing business under that act, and promising a payment to be made upon a contingency of death, or of disability by accident, shall specify the sum of money it promises to pay upon such contingency insured against, and the number of days after satisfactory proof of the' happening of such contingency, at which such payment should be made; and that upon the occurrence of such contingency, unless the contract shall have been voided by fraud or by breach of its condition, the corporation shall be obligated to the beneficiaries of such payment, at the time, and to the amount specified in the policy or certificate; and that this indebtedness shall have’ priority over all indebtedness thereafter incurred, except as provided in case of the distribution of assets of an insolvent corporation.” And section 17 of the same act provides, that no corporation or association organized under the laws of any other state for the purpose of insuring lives or furnishing accident indemnity upon the co-operative assessment plan, shall be authorized to do business in Michigan, until it shall have obtained a certificate of authority from the commissioner of insurance of that state; and that no such certificate of authority shall be issued, unless the corporation or association applying therefor, “ has in force policies of insurance upon which the proceeds of one assessment will pay the highest amount insured upon *174 each of the lives of the members for which the assessment is levied, the full amount agreed to be paid upon the death of any one member, and that it is paying, and for twelve months next preceding has paid, the highest amount named in its policies or certificates in full.”
Thus it appears, that by the laws of Michigan, every policy issued by a corporation in that state, “ promising a payment to be made upon a contingency of death,.....shall specify the sum of money it promises to pay,.....and upon the occurrence of such contingency,.....the corporation- shall be obligated to the beneficiaries of such payment,.....to the amount specified in the policy,” and no certificate of authority to do business in Michigan, shall be issued to any corporation or association organized under the laws of any other state, unless for the twelve months next preceding, it has paid, and is paying, the full amount named in its policies, nor unless it has in force, policies upon which the proceeds of one assessment will pay the highest amount insured upon the lives of the members for which the assessment is levied, the full amount agreed to be paid upon the death of any one member. While, as we have already seen, corporations organized under the Ohio statute, are not obligated to- pay the full amount specified in the policy, but only such sum as may be realized from assessments made on its members; and their policies must so provide. They are incapable of making any other contract, or issuing any policy of insurance not so conditioned, unless they comply with the laws regulating mutual life insurance companies, in which event, they ar'e permitted in Ohio to issue endowment policies.
It is admitted by the answer, that the laws of the state of Michigan do not permit endowment policies to be issued, or contracts of that kind to be made by corporations organized to do business on the assessment plan, and for that reason the commissioner of insurance of that state refused to issue his certificate of authority to an Ohio company organized under section 8680, to do business in that state.
Whether, therefore, the Ohio corporation does or does not *175 comply with- the laws regulating regular mutual life insurance companies, it is not, in either event, permitted to do business in the state of Michigan, upon substantially the same basis and limitations as it is in Ohio.
2. Does the defendant come within the class of companies, which, under the provisions of section 3630, may be admitted to do business in this state ? It will be observed, that only companies organized under the laws of any other state to insure the lives of members on the assessment plan, and authorized to transact the business contemplated in section 3630, are entitled to do business in this state; and furthermore, that it is only the business contemplated in section 3630, that such companies shall be permitted to transact. The language of the statute is, “ any corporation, company or association, organized under the laws of any other state to insure lives of members on the assessment plan, and authorized to transact the business contemplated in section thirty-six hundred and thirty, shall be permitted to do such business, to wit: The business contemplated in section thirty-six hundred and thirty in this state,” upon the conditions therein specified. As often as the question has been presented, it has been held by this court that section 3630 does not contemplate or permit the business of insuring the lives of members otherwise than for the benefit of their families and heirs. In State v. Moore, 38 Ohio St., 7, it is decided that, “ A company of another state organized for insuring lives on the plan of assessment upon surviving members, without limitation, does not come under the class of companies provided for in section 3630. That section does not embrace companies insuring the fives of members for the benefit of others than their families and heirs.” And in State v. Moore, 39 Ohio St., 486, the relator, a New York corporation, organized on the assessment plan, and authorized by the law governing it, to issue policies payable to the legal representatives of the member, or to any beneficiary designated by such member, sought to compel, by mandaríais, the insurance commissioner of this state to issue to it the necessary certificate entitling it to do business in this state. But the wm was refused. Doyle, J., *176 in the opinion, after quoting the above paragraph of the syllabus in State v. Moore, 38 Ohio St., 7, says: “ The principle thus announced must exclude the relator unless the law has been changed by subsequent legislation.” The legislation has not in this respect been changed. It is admitted by the pleadings, that the defendant is authorized by the law of its reorganization to issue policies on the lives of its members for the benefit of any person who has an insurable interest in such life. By section 15 of the Michigan statute, set out in the petition, it is provided, that corporations doing business under the act, shall not issue any policy “ upon a life in which the beneficiary has not an insurable interest; ” and it is further provided by the same section, that any member, “ shall have the right at any time, with the consent of such corporation or association, and with the consent of the beneficiary, if he be a creditor to make a change in his beneficiary,” within certain specified limits; and further, that “ such corporation shall not issue policies or certificates to beneficiaries as a creditor or creditors that do not state that they are for collateral security payable as the interest of such beneficiaries may appear, and in every such case said creditor or creditors shall only be entitled to such portion of the amount insured (not exceeding the face of the policy) as shall cover the indebtedness of the member to said creditor at the date of his death.” And section 17 of the same statute provides, that “ no corporation or association organized or doing business under or by virtue of the 'laws of any state, or territory of the United States, or District of Columbia, or foreign country, for the purpose of insuring lives, or furnishing accident indemnity upon the co-operative assessment plan, shall be authorized to do business in the state, until it shall have obtained a certificate of authority from the commissioner of insurance of this state, as hereafter provided. Nor, unless the state, or territory of the United States, or District of Columbia, or foreign country under whose laws such corporation or association is organized, shall extend the right to such corporations of this state, to do business in such state, territory of the United States, District of Colum *177 bia, or foreign country, upon similar conditions to those in this act prescribed.” The defendant is, therefore, not entitled to carry on its business in this state, and the superintendent of insurance may rightfully withhold from it, license and authority to do so.
3. It is alleged in the answer, that the superintendent of insurance, on the 13th day of September, 1886, authorized the defendant to transact business in this state ; but it is admitted, that neither the defendant, nor any agent of the defendant, has received any certificate or license from him since that date, and that it has continued to carry on its business in Ohio without other license or authority than that first granted it.
The claim of the defendant is, that when it obtained from the superintendent of insurance the certificate provided for in section 3630e, it was placed in all respects upon the same footing as companies organized under section 3630, and is, therefore, entitled to the benefit of the last clause of that section, which provides that “ such company or association shall not be subject to the preceding sections of this chapter.”
We regard the case of State v. Moore, 38 Ohio St., supra, decisive of this claim, adverse to the defendant. ’ The relator in that case claimed, that by reason of the clause referred to, in section 3630, and the provisions of the supplementary act of April 12, 1880, which enacted section 3630e, substantially as it is now, so far as it affects this question, it was exempt from the operation of section 3604, which was then, and is now, in the same chapter with section 3630. The statute under which the relator in that case was organized, authorized it to engage in the business of insuring lives on the plan of assessments upon its surviving members, without other restrictions than that the policyholders should have an interest in the lives of members ; and it was held, as before noticed, that such companies did not come within the provisions of section 3630, and that the relator was subject to the preceding sections of the chapter. In the opinion of the court, White, J., says: “ The character of the company or *178 association authorized to do business under section 3630, is thus described in the section: ‘ A company or association may be organized for the purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money, to the families or heirs of the deceased members of such company or association, and may receive money either by voluntary donation or contribution, or collect the same by assessment on its members.....and such association shall not be subject to the preceding section of the chapter.’ It is companies and associations of this character alone that are exempt from the operation of the preceding sections of the act; and this exemption is allowed on account of the limited nature of the life insurance they are authorized to assume, being confined to insurance for the benefit of the families and heirs of members.” We have already seen that the defendant is engaged in the business of insuring lives upon the plan of assessments upon surviving members without other restriction than that policy holders shall have an insurable interest in the lives of the members, and it is not, therefore, within the class of companies provided for in section 3630, and not exempt from the operation of the preceding sections of that chapter. One of these sections, 3604, provides, that “No company organized by act of congress, or under the laws of any other state of the United States, shall transact any business of insurance in this state until it procures from the superintendent of insurance a certificate of authority so to do; ” and it further provides, that no “ person or corporation shall act as agent for any such company in procuring applications for insurance, taking risks, or in any manner transacting the business of insurance, until such person or corporation procures from the superintendent of insurance a license so to do.” And by the provisions of section 3616, all licenses so granted “shall continue in force, unless suspended or revoked, until the first day of April of the year next after the date of their issue.” We are of the opinion that the license granted to the defendant and its agents on the 13th day of September, 1886, expired on the first day of April ensuing. *179 and that since that time the defendant has been doing business in this state without authority of law.
4. The defendant, availing itself of the rule that the demurrer searches the record and reaches the first defective pleading, contends that the facts averred in the petition do not entitle the plaintiff to the relief demanded. It appears from the petition that the defendant is a corporation organized under the laws of the state of Michigan, and the contention of the defendant is, that quo warranto cannot be maintained against it, in this state, because it can be ousted of its franchises only by the sovereignty which bestowed them. Undoubtedly, the franchises which a state has conferred upon a corporation, cannot be taken from it by the act of another state, or by the judgment of its courts. Morawetz on Corp., sec. 659. The purpose of this action, however, is not to deprive the defendant of the franchises with which it has been invested by the laws of the state creating it, but to inquire into its authority to carry on its business in this state, and, if found to be exercising its franchises in this state in contravention of the laws thereof, to oust it therefrom. It is provided by section 6761 of the Revised Statutes, that the civil action of quo warranto, may be brought in the name of the state, against a corporation when it claims or has exercised “ a franchise, privilege or right in contravention of law.”
There can be no doubt of the power of the legislature to prescribe the terms and conditions upon which foreign corporations may be admitted to do business in this state. It was held in Western Union Telegraph Company v. Mayer 28 Ohio St., 521, that “Foreign corporations can exercise none of their franchises .or powers within this state, except by comity or legislative consent. That consent may be upon such terms and conditions as the general assembly under its legislative power may impose.” It was said by Johnson, J., in the opinion in that case, that foreign corporations “ may be excluded from the state altogether, or admitted on such terms as the state may prescribe.” Before exercising their franchises in this state, such corporations must, of course, *180 comply with the conditions so imposed. Without such compliance, the exercise of their franchises in the state would be in contravention of the laws of the state, and as just noticed, section 6761, Revised Statutes, expressly authorizes the action of quo warranto to be brought by the state against a corporation which claims or has exercised a franchise or privilege in contravention of law. This statute is not limited to corporations organized under the laws of Ohio, but applies to corporations generally. If it had been intended to confine the application of the statute to domestic corporations, apt language for that purpose would doubtless have been employed. We hold that a foreign corporation which is carrying on its business, and making contracts in that behalf, in this state, is exercising therein its corporate franchises, from which, when exercised in contravention of the laws of the state, it may be ousted by proceedings in quo warranto.
The proper judgment in such case, is not to oust the corporation from the franchise of being a corporation, or from any of the franchises conferred on it by the law of its creation, but from the exercise of its franchises in this state.
Demurrers sustained, and judgment of ouster.